**Olga SALAZAR–MARTINEZ,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

**No. 01–71882.**

**INS No. A76–600–006.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 2002.

Decided April 29, 2003.

Before SCHROEDER, Chief Judge, ALARCÓN, and FISHER, Circuit Judges.

MEMORANDUM *

This is a petition for review of a BIA decision upholding the Immigration Judge's denial of a motion to reopen removal proceedings. The removal order was issued in absentia. Petitioner, Olga Salazar–Martinez does not dispute that she received adequate notice and was not in

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

government custody. She was therefore entitled to reopening only if she showed exceptional circumstances. Immigration and Nationality Act (the "INA") § 240(b)(5)(C)(i), 8 U.S.C. § 1229a(b)(5)(C)(i); 8 C.F.R. § 3.23(4)(ii). The statute defines the term as follows: "The term 'exceptional circumstances' refers to exceptional circumstances (such as serious illness of the alien or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." INA § 240(e)(1), 8 U.S.C. § 1229a(e)(1).

The petitioner, her husband, and two minor children are all citizens of Mexico. The couple also has three, younger, citizen children. The family, according to the uncontroverted evidence in the record, moved from California to Hawaii because Jessica, a citizen child, suffered from severe asthma and her health fared much better in Hawaii. However, because of the expense of living in Hawaii, the family returned to California to see if the illness would recur. It did.

It is not disputed that the petitioner was unable to leave the citizen child alone in California, and lacked funds to fly the entire family back to Hawaii for the removal hearing. She and a non-citizen son, Edwin, therefore remained in California with the other children. Her husband, however, attended the hearing.

The IJ was correct in holding that lack of funds to return to Hawaii for a previously scheduled hearing would not in and of itself constitute exceptional circumstances. The IJ's characterization of the trip as a poorly planned "vacation," however, fails to take into account the totality of the circumstances as required under our law. *Celis–Castellano v. Ashcroft*, 298 F.3d 888, 891 (9th Cir.2002). Those circumstances included the unforseen seriousness of the citizen child's illness in California that made it impossible for a united family to appear at the deportation hearing.

The petition for review is GRANTED. The BIA's dismissal of petitioner's appeal from the IJ's denial of a motion to reopen is REVERSED and the matter is REMANDED for reopening.