**HAFIZ; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**Nos. 02–72728, 03–70727.**

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 28, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Gopalan Nair, Esq., Fremont, CA, for Petitioner.

Hafiz, Oakland, CA, pro se.

Anisun Nisha Hafiz, Oakland, CA, pro se.

Apsana Nisha Hafiz, Oakland, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robbin K. Blaya, Esq., Michael T. Dougherty, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, THOMAS and FISHER, Circuit Judges.

## MEMORANDUM **

The Hafiz family seeks review of the Board of Immigration Appeals' ("BIA") denials of their motion for reconsideration and motion to reopen deportation proceedings. Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147 (9th Cir. 1997), we have jurisdiction under 8 U.S.C. § 1105a. We review for an abuse of discretion, *Celis–Castellano v. Ashcroft*, 298 F.3d 888, 890–91 (9th Cir.2002), and we deny the petitions.

The BIA did not abuse its discretion by denying the motion for reconsideration, because the motion failed to specify errors of fact or law in the IJ's decision. *See* 8 C.F.R. § 3.2(b)(1) (stating that a motion for reconsideration "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority"). Additionally, the BIA did not abuse its discretion by denying petitioners' motion to reopen because (1) it was filed more than 90 days after the BIA's final order of deportation; and (2) it did not present changed circumstances in Fiji. *See* 8 C.F.R. § 3.2(c)(2); *Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir.2002) (indicating that a motion to reopen must be filed within 90 days a final deportation order); *see also* 8 C.F.R. § 3.2(c)(3)(ii) (providing an exception to time limits for filing motions to reopen based on changed circumstances in the country of nationality).

We do not consider petitioners' arguments concerning denial of their application for asylum and withholding because petitioners did not file a timely petition for review of the BIA's May 22, 2002 decision. *See Narayan v. INS*, 105 F.3d 1335 (9th Cir.1997) (order) (concluding that an appeal to this court must be filed within 30 days of the BIA's decision).

The October 31, 2003 motion to sever and remand to the BIA for consideration of a pending application to adjust status is denied without prejudice to any motion to reopen regarding this issue that may be pending before the BIA.

**PETITIONS FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.