**Lakhbir SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71137.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 28, 2004.

Louis A. Gordon, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Frances M. McLaughlin, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM **

Lakhbir Singh, native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen removal proceedings to apply for relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Celis–Castellano v. Ashcroft,* 298 F.3d 888, 890 (9th Cir.2002), and de novo due process violations, *Hartooni v. INS,* 21 F.3d 336, 339 (9th Cir. 1994). We deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen for failure to submit affidavits. *See* 8 C.F.R. § 1003.2(c)(1) (requiring that motions to reopen before the BIA be accompanied by the appropriate application for relief and supporting documents). Moreover, Singh did not establish prima facie eligibility for relief because he failed to identify material evidence to support his claim. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003) (upholding denial of CAT claim where petitioner failed to identify additional probative evidence outside of previously rejected asylum application to support

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

CAT claim); *Cano–Merida v. INS*, 311 F.3d 960, 965–966 (9th Cir.2002) (explaining that a motion to reopen may only be granted where the alien can establish prima facie eligibility for the requested relief).

Singh's due process claim lacks merit because he was not prejudiced by the BIA's alleged errors. *See Hartooni*, 21 F.3d at 340 (requiring petitioner to show that prejudice resulted from due process violation). Singh's equal protection argument also fails because Congress' distinction between CAT applicants placed in deportation and removal proceedings prior to March 22, 1999, and those placed in proceedings after that date is not "wholly irrational." *See Hernandez–Mezquita v. Ashcroft*, 293 F.3d 1161, 1164–65 (9th Cir. 2002) (holding that petitioner must show that classification is "wholly irrational" to demonstrate equal protection violation).

**PETITION FOR REVIEW DENIED.**