Epifanio GARCIA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71560.

Agency No. A91–662–804.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 28, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joseph M. Bacho, Law Offices of Joseph M. Bacho, El Centro, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Arthur L. Rabin, Jacqueline Dryden, U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, TASHIMA, and THOMAS, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## MEMORANDUM**

Epifanio Garcia, native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen his appeal that was dismissed as untimely. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Celis–Castellano v. Ashcroft*, 298 F.3d 888, 890 (9th Cir.2002), and we grant the petition for review.

In 1997, Garcia filed an untimely appeal of the IJ's order of removal. The BIA did not dismiss the appeal as untimely until August 30, 2002. Garcia filed a motion to reopen, asserting ineffective assistance of counsel, and indicating that, while his untimely appeal was pending, an immigration judge determined that Garcia's wife was eligible for cancellation of removal. The BIA denied the motion to reopen on the ground that Garcia failed to establish the requisite prejudice resulting from his counsel's failure to file a timely appeal from the IJ's decision.

Garcia contends that had the appeal been timely filed, he would have been able to present this information to the BIA while his appeal was pending. This contention has merit. *Cf. Ramirez–Alejandre v. Ashcroft*, 320 F.3d 858, 872 (9th Cir. 2003) (en banc).

Presumably, the factors that supported an award of cancellation of removal for petitioner's spouse would have applied equally to petitioner. Therefore, the BIA erred in failing to address the significance of the award of cancellation of removal, although the issue was raised by petitioner. *See id.* at 876 (explaining that the BIA abuses its discretion when it fails to con-

sider important aspects of the individual claim).

Accordingly, we grant the petition for review and remand the matter for further consideration.

**PETITION FOR REVIEW GRANT-ED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.