Qing Di WANG, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–72057.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 27, 2004.

Before: PREGERSON, T.G. NELSON
and GRABER, Circuit Judges.

MEMORANDUM **

Qing Di Wang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") denial of his motion to reopen removal proceedings after the IJ's absentia removal order. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for an abuse of discretion, *Celis–Castellano v. Ashcroft,* 298 F.3d 888, 890 (9th Cir.2002), and we deny the petition.

Wang failed to attend his removal hearing in Washington because he had moved to New York and claimed he did not have the requisite identification to board a plane. The BIA determined that Wang failed to show exceptional circumstances to excuse his nonappearance because he never explained why he did not make alternative travel arrangements. The record does not compel a contrary conclusion. *See* 8 U.S.C. § 1229a(b)(5)(C)(i) (in absentia removal order may only be rescinded "if the alien demonstrates that the failure to appear was because of exceptional circumstances").

We lack jurisdiction to consider Wang's remaining contentions because he failed to exhaust those issues to the BIA. *See Bar-*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*ron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.