Jose Manuel CELIS–CASTELLANO,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 00–71274.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2002.

Filed Aug. 5, 2002.

Stephen Shaiken, Esq., San Francisco, CA, for the petitioner.

Michele Sarko, Esq., Office of Immigration Litigation, Washington, DC, for the respondent.

Before WALLACE, KOZINSKI and PAEZ, Circuit Judges.

## OPINION

WALLACE, Senior Circuit Judge.

Celis–Castellano petitions for review of a final order of the Board of Immigration Appeals (Board), in which the Board dis-missed his appeal from an order by an immigration judge (IJ) denying his motion to reopen his removal proceedings after he was ordered *in absentia* removed to Guatemala. The Board had jurisdiction pursuant to 8 U.S.C. § 1103 and 8 C.F.R. §§ 3.1(b)(3), 3.23(b)(1) and 240.15. We have jurisdiction over this timely-filed petition pursuant to 8 U.S.C. § 1252. We deny the petition.

### I.

Petitioner Celis–Castellano is a native and citizen of Guatemala. He was admitted to the United States about January 1, 1983, as a non-immigrant alien with authorization to remain for a temporary period, not past March 1, 1983, but he did not leave. In a Notice to Appear dated May 21, 1998, the Immigration and Naturalization Service (INS) charged that Celis–Castellano was subject to removal pursuant to 8 U.S.C. § 1227(a)(1)(B), because after admission to the United States as a non-immigrant under 8 U.S.C. § 1101(a)(15), he remained for a time longer than permitted.

Celis–Castellano was ordered to appear before an IJ for removal proceedings on June 24, 1998, at 1:30 p.m. The Notice to Appear advised Celis–Castellano that if he failed to attend the hearing at the time and place designated on the notice, or any date and time later directed by the immigration court, a removal order could be issued by the IJ in his absence, and he could be arrested and detained by the INS. The Notice to Appear was served on Celis–Castellano in person on May 26, 1998.

Celis–Castellano failed to appear as ordered and did not notify the court or explain his absence. The IJ held the removal hearing *in absentia*. Because Celis–Castellano did not provide good cause for his failure to appear, the IJ found that he

had abandoned all claims for relief from removal. The IJ therefore found Celis–Castellano removable for the reasons stated in the Notice to Appear and ordered him removed to Guatemala.

Celis–Castellano then filed a Motion to Reopen and Vacate dated July 21, 1998, requesting that the IJ vacate the *in absentia* order of removal and set the matter for a regular hearing on his application for relief from removal. In support of the motion, Celis–Castellano filed a declaration alleging that he had suffered a serious asthma attack on June 20, four days before his scheduled appearance, and that as a result of the attack he was unable to leave his house until July 7, 1998. His declaration did not state that he had made any attempt to contact the immigration court to notify it of his illness.

Celis–Castellano also submitted a form from Kaiser Permanente Health Care Provider indicating that he was seen at the facility on July 7, 1998. The form reported a diagnosis of asthma and Celis–Castellano's statement that he had been ill and unable to work from June 20 until July 7, 1998, and a diagnosis of asthma. The form did not indicate the seriousness of the condition.

The INS opposed Celis–Castellano's motion to reopen, asserting that he had not established the required exceptional circumstances. The INS emphasized that the medical facility's form did not indicate, as it could have, that the patient was suffering from any "Serious Health Condition," that the information on the form, other than the diagnosis, came solely from Celis–Castellano's statements, and that there was no independent examination on or before the date of the hearing.

The IJ denied the motion to reopen. The IJ recognized that, pursuant to 8 U.S.C. § 1229a(b)(5), *in absentia* orders of removal may be rescinded upon a motion to reopen filed within 180 days after the date of the order of deportation, if the alien demonstrates that his failure to appear resulted from exceptional circumstances. The IJ pointed out that "exceptional circumstances" are circumstances beyond the control of the alien, such as serious illness of the alien or death of an immediate relative, but not including less compelling circumstances beyond his control. The IJ also determined that a motion to reopen based upon a serious illness causing Celis–Castellano's failure to appear should be supported by specific and detailed medical evidence corroborating his claim. The IJ stated that she did not doubt that Celis–Castellano suffers from asthma, but she stated that she was not convinced that the asthma attack he suffered on June 20, 1998, constituted a serious illness rising to the level of exceptional circumstances.

Celis–Castellano appealed to the Board, and the Board stated that the lack of evidence regarding the severity of Celis–Castellano's asthma attack restricted its ability to determine if his illness was exceptional. Further, the Board commented that he gave no explanation for neglecting to contact the immigration court prior to the hearing. The Board stated that while such notification is not required either by statute or regulation, the Board had previously held that lack of notification is a factor tending to undermine a claim of exceptional circumstances. *Matter of B–A–S–*, Interim Decision 3350 (BIA 1998). The Board found that Celis–Castellano had failed to establish that his asthma attack amounted to "exceptional circumstances" within the Immigration and Nationality Act. The Board denied the appeal.

We review the Board's denial of a motion to reopen deportation proceedings for abuse of discretion. *See INS v.*

*Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); *Garcia v. INS,* 222 F.3d 1208, 1209 (9th Cir.2000). "Unless the [Board] acted arbitrarily, irrationally, or contrary to law, we should not disturb [its] ruling." *Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000) (citation and internal quotation marks omitted). The Board's factual findings may be reversed only if the evidence compels a different result. *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

## II.

Celis–Castellano challenges the Board's denial of his motion to reopen on the ground that the Board did not deem his asthma attack an exceptional circumstance under the statute. Therefore, we must determine whether the Board abused its discretion in denying the motion to rescind the *in absentia* order of removal.

When the ground for the motion to reopen is that the IJ held an *in absentia* hearing and issued an *in absentia* order of removal, the statute provides that "[a]ny petition for review under section 1252 of this title of an order entered *in absentia* under this paragraph shall ... be confined to (i) the validity of the notice provided to the alien, (ii) the reasons for the alien's not attending the proceeding, and (iii) whether or not the alien is removable." 8 U.S.C. § 1229a(b)(5)(D). To rescind the order of deportation entered *in absentia,* Celis–Castellano must establish that "exceptional circumstances" prevented him from appearing. *See id.* § 1229a(b)(5)(C). The statute provides that "[t]he term 'exceptional circumstances' refers to exceptional circumstances (such as serious illness of the alien ... but not including less compelling circumstances) beyond the control of the alien." *Id.* § 1229a(e)(1).

First, Celis–Castellano contends that the Board applied the wrong standard in evaluating whether he suffered from a serious illness constituting "exceptional circumstances" under the statute. He asserts that the Board improperly focused on whether his illness was exceptional, rather than whether his illness was serious, constituting exceptional circumstances, as required by the statute. Celis–Castellano argues that this presents a due process violation because he had no way of knowing that he was expected to provide documentation proving an exceptional illness.

■ The basis of his attack is the Board's statement that "[t]he lack of evidence regarding the severity of his asthma attack restricts our ability to determine if [Celis–Castellano's] illness was, in fact, exceptional." While the statement could be clearer, we conclude it did not establish a new evidentiary requirement of an "exceptional" versus a "serious" illness. Rather, the Board's statement seems more likely to refer to the fact that Celis–Castellano's lack of evidence restricted its ability to determine whether the illness constituted an exceptional circumstance under the statute, that is, Celis–Castellano failed in his burden of proof. It is clear from a reading of the entire opinion that the Board applied the proper test.

Further, the Board's reliance on *Matter of J–P–,* Interim Decision 3348 (BIA 1998), and *Matter of B–A–S–,* Interim Decision 3350 (BIA 1998), does not present a due process violation because these decisions were issued on May 20, 1998, more than one month prior to Celis–Castellano's June 24, 1998, hearing, and before he filed his July 21, 1998, motion to reopen. Thus, he did have notice of the evidentiary requirements the Board would consider in assessing the totality of his circumstances. *Cf. Singh v. INS,* 213 F.3d 1050, 1053 (9th Cir.2000).

■ Celis–Castellano also argues that sufficient credible evidence on the record established a serious illness and exceptional circumstances. Celis–Castellano asserts that there is no basis in the record for finding that the asthma attack did not occur or that it does not constitute a serious illness and thus exceptional circumstances meriting reopening under 8 U.S.C. §§ 1229a(b)(5)(C) and 1229a(e)(1). That is not the proper standard. Celis–Castellano was required to demonstrate that reopening was warranted on the basis of exceptional circumstances. *See id.* § 1229a(b)(5)(C). The Board found the evidence petitioner presented insufficient to establish the existence of such exceptional circumstances. That factual finding must stand unless the record *compels* reversal of the Board's factual finding. *See Elias–Zacarias,* 502 U.S. at 483–84, 112 S.Ct. 812. That is not the case here.

Celis–Castellano also argues that there is no requirement that an alien attempt to notify the immigration court that he will miss or did miss his removal hearing. He asserts that, by imposing such a requirement, the Board improperly read new conditions into the statutory and regulatory scheme governing reopening. The Board conceded that no statute or regulation requires an alien who has missed or will miss his or her deportation hearing to notify the court of his or her absence and the reasons therefor. Indeed, it would be difficult to do in this case as the notice to appear, while stating the location of the proceedings, did not provide a telephone number or any other indication of the appropriate means by which Celis–Castellano could apprise the court of his inability to appear. Nevertheless, Celis–Castellano has failed to assert this or any other reason to explain his failure to notify the immigration court that he would miss or did miss the hearing. Under the circumstances, the Board's consideration of Celis–Castellano's failure to notify the immigration court of the reason for his absence is not improper.

■ Celis–Castellano also argues that the Board improperly found his claim to have been undermined by his failure to produce additional medical documents beyond the Kaiser form. He contends that under *Maroufi v. INS,* 772 F.2d 597 (9th Cir.1985), the Board must "accept as true the facts stated in an alien's affidavit in ruling upon his motion to reopen unless it finds those facts to be inherently unbelievable." *Id.* at 600 (internal quotation marks omitted) (citing *Hamid v. INS,* 648 F.2d 635, 637 (9th Cir.1981)). Corroboration of a credible declaration by an alien moving to reopen is not required. *See id.*

■ *Maroufi* does hold that the Board must accept the facts in an alien's affidavit as true unless inherently unbelievable. However, the fact asserted in Celis–Castellano's declaration is that he has asthma and had an attack. This does not definitively establish that Celis–Castellano's illness was "serious" under the statute. Rather, the Board must examine the totality of the circumstances in reaching its decision, consistent with Congressional intent. *See Singh,* 213 F.3d at 1052. The Board may then draw its own legal conclusions from the evidence presented.

In the present case, based on a record including Celis–Castellano's evidence, the Board found that Celis–Castellano did not meet his burden to prove that his asthma attack amounted to "exceptional circumstances" within the meaning of 8 U.S.C. § 1229a(e). This determination was not an abuse of discretion.

PETITION FOR REVIEW DENIED.