Murray Brathwaite THOMAS,
Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICES,
Respondent.

Murray Brathwaite Thomas, Petitioner,

v.

Immigration and Naturalization
Services, Respondent.

Nos. 01–71136, 01–71760.
INS No. A36–812–665.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suit-
  able for decision without oral argument. See
  Fed. R.App. P. 34(a)(2).

** The Honorable William J. Rea, Senior United
  States District Judge for Central California,
  sitting by designation.

Submitted Oct. 10, 2002.*

Decided Oct. 15, 2002.

Before REINHARDT, TROTT, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Murray Brathwaite Thomas petitions for review of the Immigration and Naturalization Service's decisions to deny his motions to reopen and reconsider before the Board of Immigration Appeals (BIA). We deny Thomas's petition for review.

We have jurisdiction pursuant to former Section 106(a) of the Immigration and Naturalization Act, 8 U.S.C. § 1105a(a) as amended by the transitional rules in Section 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104–208, 110 Stat. 3009–546 (Sept. 30, 1996), as amended by the Extension of Stay in United States for Nurses Act, Pub. L. No. 104–302, 110 Stat. 3656 (Oct. 11, 1996). IIRIRA's transitional rules apply because the BIA disposed of this case after October 31, 1996, and these proceedings began prior to April 1, 1997. *Kalaw v. INS*, 133 F.3d 1147, 1149–50 (9th Cir.1997).

This court reviews BIA denials of motions to reopen and motions to reconsider for an abuse of discretion. *Celis–Castellano v. Ashcroft*, 298 F.3d 888, 890–91 (9th Cir.2002); *Padilla–Agustin v. INS*, 21 F.3d 970, 973 (9th Cir.1994); *INS v. Doherty*, 502 U.S. 314, 324, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992).

Thomas contends that the denial of his request for deportation waiver should be reopened or reconsidered because of a change in the law since the immigration judge's initial ruling. Congress, in changing the pertinent language of §§ 241 and 212 of the INA, provided that the changes to § 241 "shall not apply to deportation proceedings for which notice has been provided to the alien before March 1, 1991" and changes to § 212 would apply "to individuals entering the United States on or after June 1, 1991." Pub. L. No. 101–649, 104 Stat. 4978, § 602(d) and § 601(e)(1990). Thomas entered the United States in November of 1983 and received notice of his deportation proceedings in July of 1986, making the new statutory language inapplicable to his case. Therefore, the BIA did not abuse its discretion in denying Thomas's motions for reopening and reconsideration.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.