**Juan Carlos Macias CHAIRES,**
**Petitioner,**

**v.**

John **ASHCROFT, Attorney**
**General, Respondent.**

No. 02–72509.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.*

Decided July 24, 2003.

Before: LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Juan Carlos Macias Chaires ("Macias"), a native and citizen of Mexico, petitions for

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

review of the Board of Immigration Appeals' ("BIA") dismissal of the Immigration Judge's denial of Macias's motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000). The BIA's factual findings may only be reversed if the evidence compels a different result. *Celis–Castellano v. Ashcroft*, 298 F.3d 888, 891 (9th Cir.2002). We grant the petition for review and remand.

Macias contends that he failed to appear at his April 8, 1999 asylum hearing because he was exhausted from sleep deprivation, loss of appetite, anxiety and depression arising from a recent break-up with his partner of three years, and the day before his hearing he took Xanax, an anti-anxiety medication which causes drowsiness. Macias provided a letter from his physician who treated him on April 7, 1999. The physician stated that Macias suffered from "an acute situational depression with a significant anxiety component exacerbated by sleep deprivation and extreme fatigue." The physician prescribed Xanax, and indicated that the medication would help Macias sleep without overly sedating him.

The BIA concluded that Macias failed to show exceptional circumstances because according to Macias's physician, complete sedation is not a side-effect of Xanax, and because Macias was able to go to work despite his depression.

We conclude that Macias demonstrated exceptional circumstances for his failure to appear at his hearing. *Cf. Celis–Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th

Cir.2002). Accordingly, we grant the petition and remand.

**PETITION FOR REVIEW GRANTED AND REMANDED.**