Francisco Javier PEREZ, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–72064.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 17, 2004.

David A. Rowe, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Joan E. Smiley, Esq., Hillel Smith, U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

MEMORANDUM **

Francisco Javier Perez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") April 18, 2003 order denying his motion to reopen his deportation proceedings due to ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *Kalaw v. INS,* 133

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

F.3d 1147, 1150 (9th Cir.1997). We review the denial of a motion to reopen for abuse of discretion. *Celis-Castellano v. Ashcroft,* 298 F.3d 888, 890 (9th Cir.2002). We deny the petition for review in part, and dismiss it in part.

The BIA did not abuse its discretion in denying Perez's motion to reopen because Perez did not demonstrate that his prior attorney's failure to apply for adjustment of status and a waiver of inadmissibility caused Perez any prejudice. *See Iturribarria v. INS,* 321 F.3d 889, 901 (9th Cir.2003) (petitioner must show prejudice in order to demonstrate ineffective assistance of counsel).

We lack jurisdiction to consider the BIA's discretionary determination that pursuant to 8 U.S.C. § 212(h), Perez is prima facie ineligible for a waiver of inadmissibility because Perez failed to demonstrate the requisite hardship. *Cf. Kalaw,* 133 F.3d at 1152 (holding that the transitional rules preclude direct judicial review of the BIA's discretionary determination of "extreme hardship" in suspension of deportation cases).

Perez's remaining contentions also lack merit.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.