**Erick Estuardo Donis SANDOVAL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72911.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 21, 2004.

Carlos Vellanoweth, Esq., John Wolfgang Gehart, Vellanoweth & Gehart, LLP, Los Angeles, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Jacqueline Dryden, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

### MEMORANDUM **

Erick Estuardo Donis Sandoval, a native and citizen of Guatemala, petitions for review from the decision of the Board of Immigration Appeals ("BIA") summarily affirming without opinion the Immigration Judge's ("IJ") denial of his motion to reopen removal proceedings after the IJ's in absentia removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review for an abuse of discretion the denial of a motion to reopen, *Celis–Castellano v. Ashcroft,* 298 F.3d 888, 890–91 (9th Cir. 2002), and we deny the petition for review.

An order of removal entered in absentia may be rescinded if the petitioner demonstrates that he failed to appear because of exceptional circumstances. *See* 8 U.S.C. § 1229a(b)(5)(C); *Celis–Castellano,* 298 F.3d at 891. Exceptional circumstances are "circumstances (such as serious illness of the alien … but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1229a(e)(1); *Celis–Castellano,* 298 F.3d at 891. The IJ

did not abuse her discretion by denying the motion to reopen because the evidence does not compel the finding that Donis Sandoval's wife suffered from a serious illness sufficient to establish an exceptional circumstance for his failure to appear. *See id.* at 891–92 (general evidence of an asthma attack insufficient to compel a finding of "exceptional circumstances" under section 1229a).

Donis Sandoval's contention that the BIA's decision without opinion violates due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir. 2003).

Donis Sandoval's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

