Maria Guadalupe Ornelas MORALES, Petitioner,

v.

John ASHCROFT, Attorney General,* Respondent.

No. 03–71027.
Agency No. A77–831–294.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.**

Decided June 25, 2004.

* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Maria Guadalupe Ornelas–Morales, Santa Clara, CA, pro se.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William Campbell Erb, Jr., Attorney, Mary Jane Candaux, U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

### MEMORANDUM***

Maria Guadalupe Ornelas Morales, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of her motion to reopen in absentia removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion, *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000), and we grant the petition for review.

Ornelas contends that the IJ abused his discretion by denying her motion to reopen because she met her evidentiary burden of demonstrating exceptional circumstances. We agree.

The IJ found initially that he could not determine whether Ornelas's illness constituted an exceptional circumstance based solely on "the general declarations of her attorney and the generic form concerning her illness on September 18, 2001." The IJ therefore gave Ornelas an additional ten days to provide supplemental evidence of her illness, including, at a minimum, Ornelas's own declaration and corroborating medical evidence. Contrary to the IJ's characterization of the evidence, however, Ornelas had previously submitted such evidence along with her motion to reopen.

In support of her motion, Ornelas submitted her own sworn declaration explaining that the night before her scheduled hearing, she went to the hospital because she was having difficulty breathing. She explained further that she left the hospital mid-morning the day of her scheduled hearing, and that doctors prescribed her Diazepam (Valium) and told her not to drive and to get bed rest. She also submitted a medical form from Kaiser Permanente dated the day of her scheduled hearing confirming that she was examined on that date and found to be ill and unable to attend work through the following day.

Because Ornelas had already provided the type of evidence the IJ requested, it is understandable that Ornelas did not provide additional evidence to support her motion. We hold that the IJ abused his discretion in denying the motion to reopen due to Ornelas's failure to submit addition-

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

al evidence because the evidence Ornelas submitted with her motion was sufficient to establish an exceptional circumstance excusing her failure to appear for the scheduled hearing. *See* 8 U.S.C. § 1252b(c)(3); *cf. Celis–Castellano v. Ashcroft,* 298 F.3d 888, 892 (9th Cir.2002).

Accordingly, we **GRANT** the petition for review, **VACATE** the BIA's decision, and **REMAND** for further proceedings.