**Chengcheng WANG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71346.
Agency No. A75–662–993.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2004.*

Decided July 16, 2004.

John L. Ogletree, Law Office of John L. Ogletree, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michelle Thresher, U.S. Department of Justice, Washington, DC, for Respondent.

Before HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM**

Chengcheng Wang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") denial of his motion to reopen immigration proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for an abuse of discretion, *Celis–Castellano v. Ashcroft*, 298 F.3d 888, 890 (9th Cir.2002), and we deny the petition.

Wang failed to appear at his removal hearing, and the IJ ordered him removed *in absentia.* Wang moved to reopen claiming that a sudden illness prevented his attendance. Wang's only evidence in support of his motion was a letter from Nancy Li, a licensed acupuncturist, stating that Wang presented himself to her office on the day of the hearing complaining of dizziness, headache, and weakness of the arms and legs. Li recommended that

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Wang not work for a week. The IJ denied the motion to reopen, finding that Li's letter was insufficient proof that Wang was ill on the day of hearing and that the illness amounted to exceptional circumstances. *See* 8 U.S.C. § 1229a(b)(5)(C)(i) (in absentia removal order may only be rescinded "if the alien demonstrates that the failure to appear was because of exceptional circumstances").

We are not persuaded by Wang's contention that the IJ improperly rejected Wang's evidence "solely because it was not signed by a physician." We note that the motion was not supported by an affidavit from Wang or any other evidence of the seriousness of his illness. On this record, the IJ did not abuse his discretion in finding that Wang failed meet his burden to prove his sudden illness amounted to exceptional circumstances. *See Celis–Castellano,* 298 F.3d at 892.

PETITION FOR REVIEW DENIED.