**Luis Gerardo OROZCO–MORALES,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

**No. 03–72212.**
**Agency No. A74–818–761.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 23, 2004.

Luis Gerardo Orozco–Morales, Maywood, CA, pro se.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, OIL, Washington, DC, for Respondent.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

## MEMORANDUM**

Luis Gerardo Orozco–Morales, a native and citizen of Mexico, petitions pro se for review of a decision by the Board of Immigration Appeals' ("BIA" or "Board") denying as untimely his motion to reconsider or reopen. Because the transitional rules apply, *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for an abuse of discretion, *Celis–Castellano v. Ashcroft,* 298 F.3d 888, 890–91 (9th Cir. 2002), and we deny in part and dismiss in part the petition for review.

Because Petitioner's motion was filed nearly nine months after the BIA's final decision, the BIA did not abuse its discretion in denying Petitioner's motion to reopen or reconsider as untimely. *See* 8 C.F.R. § 1003.2(b)(2) ("A motion to reconsider a decision must be filed with the Board within 30 days after the mailing of the Board decision"); 8 C.F.R. § 1003.2(c)(2) (A motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened").

We lack jurisdiction to consider Petitioner's contentions regarding the BIA's application of the "stop-time" rule because this petition for review is untimely as to the BIA's February 13, 2002 order. *See Narayan v. INS,* 105 F.3d 1335 (9th Cir.1997) (order).

Petitioner's remaining contentions are unpersuasive.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.