Miguel **MARTINEZ–PEREZ,**
Petitioner,

v.

John **ASHCROFT,** Attorney
General, Respondent.

No. 03–72827.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 15, 2004.[*]

Decided Nov. 22, 2004.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Soren M. Rottman, Esq., Northwest Immigrant Rights Project, Granger, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, David V. Bernal, Attorney, Anthony P. Nicastro, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, MCKEOWN, and BERZON, Circuit Judges.

## MEMORANDUM **

Miguel Martinez–Perez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's denial of his motion to reopen for the purpose of rescinding an in absentia removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252, grant the petition for review, and remand for further proceedings.

The BIA's decision stated "that an alien who establishes that he or she began traveling to the Immigration Court with sufficient time, given weather and traffic conditions, to arrive on time for his or her scheduled hearing but who misses the hearing due to a car break down may be able, depending upon the totality of the circumstances[,] to demonstrate 'exceptional circumstances'" pursuant to 8 U.S.C. § 1229a(e)(1). Accepting this holding, we conclude that the Board's application of its general principle to Martinez–Perez's case is based in large part on a misapprehension of the record.

Martinez–Perez submitted a declaration by his ex-wife stating that her car was towed by an individual known to her personally. In addition, her declaration recounts, "I did not take my car in to get fixed because I was told it would cost between $700 to $1000 to repair or replace the motor. Since I didn't have that much money, I have not yet repaired it." In this context, the BIA abused its discretion by requiring corroboration in the form of towing and repair receipts. *See Celis–Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir.2002) ("Corroboration of a credible declaration by an alien moving to reopen is not required.... [T]he Board must accept the facts in an alien's affidavit as true unless inherently unbelievable.").

Moreover, the BIA abused its discretion in deeming the letter mailed on Martinez–

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Perez's behalf to the immigration court soon after his missed hearing to be "hardly sufficient to demonstrate a sincere effort to arrive on time for the scheduled hearing." Martinez–Perez's failure to telephone the court immediately after his ex-wife's car troubles does not vitiate what the Board's own analysis indicated are "exceptional circumstances." *Cf. id.* at 892 (upholding the BIA's faulting of a petitioner for failing *ever* to contact the court, while noting that "the notice to appear, while stating the location of the proceedings, did not provide a telephone number or any other indication of the appropriate means by which [petitioner] could apprise the court of his inability to appear").

Martinez–Perez's request for attorneys' fees is denied without prejudice to its renewal by means of an application pursuant to 28 U.S.C. § 2412(d)(1)(B).

**PETITION FOR REVIEW GRANTED; REMANDED.**