Dominador **LAGMAY–CASTROE,** Petitioner,

v.

John **ASHCROFT,** Attorney General, Respondent.

No. 03–73549.

Agency No. A72–115–631.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

Bert M. Vega, Law Office of Bert M. Vega, Vallejo, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM**

Dominador Lagmay–Castroe, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen proceedings in which he was ordered deported in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We review for abuse of discre-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

tion, *Celis–Castellano v. Ashcroft,* 298 F.3d 888, 890 (9th Cir.2002), and we deny the petition for review.

The BIA did not abuse its discretion in denying Lagmay–Castroe's motion to re-open as untimely because he filed it approximately five years after the deadline. *See* 8 C.F.R. § 1003.2(c)(2) (A motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened."). Lagmay–Castroe's explanation that his immigration consultant advised him not to attend the hearing does not excuse the late filing. *See Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003) (recognizing equitable tolling of deadlines on motions to re-open "during periods when a petitioner is prevented from filing because of deception, fraud, or error . . .").

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.