**Mardoqueo DIAZ–SANCHEZ,**
Petitioner,

v.

**Alberto GONZALES,* Attorney**
**General, Respondent.**

No. 04–70253.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2005.**

Decided Feb. 11, 2005.

Saad Ahmad, Fremont, CA, for Petitioner.

Regional Counsel Laguna Niguel, CA, Richard M. Evans, Esq., Susan K. Houser, Washington, DC, for Respondent.

Before: FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM ***

Mardoqueo Diaz–Sanchez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of his motion to reopen proceedings after he was ordered removed in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1105a. We review the denial of a motion to reopen for an abuse of discretion. *See Celis–Castellano v. Ashcroft*, 298 F.3d 888, 890 (9th Cir.2002). We deny the petition.

The record indicates that petitioner signed the order to show cause in two places, affixed his fingerprint once to acknowledge that the order had been read to him in his native Spanish, and that a copy of the order, written in English and Span-

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ish, was given to him. The IJ committed no abuse of discretion in applying the "presumption of regularity" to find that actual notice of the hearing had been effected. Petitioner failed to overcome this presumption with his self-serving affidavit that he did not understand the immigration officer's Spanish, does not remember actually receiving a copy of the notice, and did not realize that he was been placed in deportation proceedings. *See Red Top Mercury Mines, Inc. v. United States*, 887 F.2d 198, 202–03 (9th Cir.1989) (upholding presumption that public officers have properly discharged their official duties).

Petitioner's remaining contentions are unpersuasive.

PETITION FOR REVIEW DENIED.