**Yunqing ZHANG, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–73030.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.\*\*

Decided July 15, 2005.

Yunqing Zhang, Monterey Park, CA, pro se.

District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Linda S. Wendtland, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

MEMORANDUM \*\*\*

Yunqing Zhang, a native and citizen of the People's Republic of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of her motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's ruling on a motion to reopen, *Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005), and we deny the petition for review.

An alien who is ordered removed *in absentia* may have the removal order rescinded upon a motion to reopen if the

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

failure to appear was caused by "exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). "The term 'exceptional circumstances' refers to exceptional circumstances (such as serious illness of the alien or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1229a(e)(1).

The agency did not abuse its discretion by denying Zhang's motion to reopen which was supported by a doctor's note recommending two weeks of rest for Zhang's sprained ankle. The evidence does not compel the finding that Zhang suffered from a serious illness sufficient to establish an exceptional circumstance. *See Celis–Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir.2002) (general evidence of an asthma attack insufficient to compel a finding of "exceptional circumstances" under section 1229a). Further, the agency was within its discretion to conclude that Zhang's failure to contact the immigration court to say that she was unable to appear for her hearing undermined her motion to reopen. *See Celis–Castellano*, 298 F.3d at 890.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.