Claudette Sharon TABLADA,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 03–71814.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 10, 2005.

Jerry Shapiro, Law Offices of Fuire &
Shapiro, Los Angeles, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office
of the District Counsel, Department of
Homeland Security, San Francisco, CA,
David V. Bernal, Attorney, Justice Dept.
Civil Division Consumer Litigation Off., M.
Jocelyn Wright, Esq., DOJ—U.S. Depart-
ment of Justice Civil Div./Office of Immi-
gration Lit., Washington, DC, for Respon-
dent.

Before: WALLACE, LEAVY, and
BERZON, Circuit Judges.

MEMORANDUM **

Claudette Sharon Tablada, a native and
citizen of Belize, petitions for review of an

---

**9.** *Id.* at 1074.

\* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
9th Cir. R. 36–3.

order of the Board of Immigration Appeals summarily affirming an order of an immigration judge ("IJ") denying her motion to reopen proceedings in which she was ordered removed in absentia, so as to pursue her application for adjustment of status. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. *Celis–Castellano v. Ashcroft,* 298 F.3d 888, 890 (9th Cir.2002). We deny the petition for review.

The IJ did not abuse his discretion in denying Tablada's motion to reopen. Tablada's claim that she did not receive oral warnings regarding the consequences of failing to attend her removal hearing is unavailing. The record demonstrates that the former Immigration and Naturalization Service personally served Tablada with the Notice to Appear required under 8 U.S.C. § 1229(a)(1), which contained Tablada's signed acknowledgment she received oral notice of the consequences of failing to appear. Because the evidence shows that Tablada received these oral warnings, and because Tablada did not argue or demonstrate that exceptional circumstances prevented her from attending the hearing, the statutory ten-year bar to adjustment of status applies. *See* 8 U.S.C. § 1229a(b)(7).

**PETITION FOR REVIEW DENIED.**