Alfonso **AQUINO–CAMPERO;** Cesar Alfonso Aquino–Zapata; Maribel Aquino–Zapata, Petitioners,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 04–72246.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2005.

Decided Nov. 30, 2005.

Victor D. Nieblas, Law Office of Victor D. Nieblas Pradis, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jennifer A. Parker, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, FERNANDEZ, and BERZON, Circuit Judges.

MEMORANDUM *

Alfonso Aquino–Campero and his children Cesar Alfonso Aquino–Zapata and Maribel Aquino–Zapata, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an Immigration Judge's ("IJ") denial of their consolidated motions to reopen proceedings in which they were ordered removed in absentia. We deny the petition for review.

■ Reviewing for abuse of discretion, *Celis–Castellano v. Ashcroft,* 298 F.3d 888, 891 (9th Cir.2002), we conclude that the IJ acted within his discretion in denying the motions. The record before the IJ does not compel finding that Aquino–Campero met his burden of demonstrating an illness serious enough to constitute an exceptional circumstance. *See* 8 U.S.C. § 1229a(e)(1). Moreover, the IJ properly considered as an adverse factor that none of the three petitioners attempted to notify the Immigration Court. *See Celis–Castellano,* 298 F.3d at 892.

■ In addition, there was no violation of the petitioners' due process rights by the agency. The petitioners' reliance on *Singh v. INS,* 213 F.3d 1050 (9th Cir.2000), in which the BIA acted in contravention of due process, is misplaced. In this case, the IJ's decision provided the petitioners with adequate notice that they lacked sufficient evidence. *Cf. id.* at 1053 (stating

that Singh "had no notice that he was required to provide any of these specific pieces of evidence which the BIA viewed as fatal to his petition").

■ Finally, the BIA's failure to remand for consideration of the petitioners' new submissions was not improper. Assuming that remand was available, the petitioners have not demonstrated prejudice from the BIA's action in the context of the record as a whole. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1007 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

