**Rodrigo Avila SANDOVAL; Margarita Avila, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–74710.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 4, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Carlos Ramirez, Esquire, Law Office of Noemi G. Ramirez, Los Angeles, CA, for Petitioners.

David V. Bernal, Assistant Director, Lauren Fascett, Jeffery R. Leist, OIL, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Rodrigo Avila Sandoval and Margarita Avila, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying their motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Celis–Castellano v. Ashcroft,* 298 F.3d 888, 890 (9th Cir.2002), and we deny the petition for review.

The IJ did not abuse his discretion in denying petitioners' motion to reopen for failure to establish exceptional circumstances. The IJ informed petitioners of the consequences of failing to appear at their removal hearing and petitioners chose instead to follow the advice of their immigration consultant and miss the hear-

ing. *See Singh–Bhathal v. INS,* 170 F.3d 943, 946–47 (9th Cir.1999) (reliance on advice of non-attorney immigration consultant insufficient to demonstrate "exceptional circumstances").

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

