MEMORANDUM ***
Carlos Morales-Trejo, a native and citizen of Mexico, petitions for review of a final order of removal based on the determination of the Board of Immigration Appeals (BIA) that he had been convicted of violating a law “relating to a controlled substance” pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(II) and had been “an illicit trafficker in a[ ] controlled substance” pursuant to 8 U.S.C. § 1182(a)(2)(C). Morales-Trejo’s sentencing order and plea documents state only that he was convicted of Possession for Sale of a Narcotic Drug in violation of Arizona Revised Statutes section 13-3408; neither mentions the specific narcotic involved. The Immigration Judge (IJ), looking to the charging document, found that Morales-Trejo had pleaded guilty to possession for sale of cocaine, a “controlled substance” for purposes of 8 U.S.C. § 1182(a)(2). We have jurisdiction pursuant to 8 U.S.C. § 1252(b)(1), and we deny the petition for review.
Where, as here, the BIA adopts the IJ’s decision and also adds its own reasoning, the Court reviews both decisions. Nuru v. Gonzales, 404 F.3d 1207, 1215 (9th Cir.2005). We review de novo whether a Petitioner’s state conviction is an offense involving a “controlled substance” that renders him inadmissible. Ruiz-Vidal v. Gonzales, 473 F.3d 1072, 1076 n. 2 (9th Cir.2007). Factual findings underlying the determination are reviewed for substantial evidence. INS v. Elias-Zacarias, 502 U.S. 478, 483-84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). This standard requires upholding an agency’s factual findings unless “the evidence compels a different result.” Celis-Castellano v. Ashcroft, 298 F.3d 888, 891 (9th Cir.2002).
The statutes of conviction, Arizona Revised Statutes sections 13-3401 and 13-3408, do not categorically establish inadmissibility.[1] Therefore, the IJ appropriately employed the “modified categorical approach,” looking to the charging document to determine that Morales-Trejo’s offense involved cocaine. See Shepard v. United States, 544 U.S. 13, 15, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); Marmolejo-Campos v. Holder, 558 F.3d 903, 912 (9th Cir.2009) (en banc). Morales-Trejo argues that, because the charging document lists February 2, 1999, as the date of the offense while the plea documents and sentencing order list March 2, 1999, and March 2, 2000, respectively, “no nexus” exists between the cocaine charge and his conviction. All of the relevant documents, *400 however, have the same Case Number. Moreover, the original versions of the plea agreement and change of plea minute entry, like the information, listed an offense date of February 2, 1999; the alteration from “2/2/99” to “3/2/99” on the plea agreement and from “February” to “March” on the change of plea minute entry was written in by hand and initialed. Likewise, the sentencing order purports to correct the commission date from “February 2, 2000” to “March 2, 2000.” Taken together, these facts support an inference that the change from “1999” to “2000” was merely a typographical error and that the offense referred to in the plea agreement is the one charged in the information.
The IJ’s factual finding that Morales-Trejo’s offense involved cocaine is supported by substantial evidence. Accordingly, Morales-Trejo is inadmissible, and we DENY the petition for review.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Contrary to the BIA's holding, Arizona proscribes possession of two narcotics that are not listed as “controlled substances” under federal law: benzylfentanyl and thenylfenta-nyl. See Ariz.Rev.Stat. § 13-340 l(20)(n), (bbbb). These substances were temporarily added to Schedule I of the federal statutes in 1985, see Schedules of Controlled Substances, 50 Fed.Reg. 43, 698 (Oct. 29, 1985), but the listing expired after one year, see 21 U.S.C. § 811(h)(2), and no action was taken to permanently add them. See United States v. Madera, 521 F.Supp.2d 149, 155 n. 2 (D.Conn.2007) (noting that the status of these two substances as federal "controlled substances” expired in 1986).