**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| VERONICA ORTEGA-CAMACHO, | No. 06-73494 |
| Petitioner, | Agency No. A079-635-249 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2009 [**]

Before:    ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Veronica Ortega-Camacho, a native and citizen of Mexico, petitions for

review of an order of the Board of Immigration Appeals ("BIA") denying her

motion to reopen removal proceedings.  Our jurisdiction is governed by 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

AR/Research

§ 1252.  We review for abuse of discretion the denial of a motion to reopen,

*Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir. 2003), and we dismiss in part and

deny in part the petition for review.

We lack jurisdiction to review the BIA's decision not to invoke its sua

sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a).  *See Ekimian v.*

*INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

The BIA did not abuse its discretion in denying Ortega's motion to reopen as

untimely because it was filed over one year after the BIA's final order of removal,

*see* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within ninety

days of final order of removal), and Ortega did not establish that any of the

enumerated exceptions to the timeliness rule apply, *see* 8 C.F.R. § 1003.2(c)(3),

nor did she show she was entitled to equitable tolling, *see Iturribarria v. INS*, 321

F.3d 889, 897 (9th Cir. 2003) (deadline for filing motion to reopen can be

equitably tolled "when petitioner is prevented from filing because of deception,

fraud, or error, as long as the petitioner acts with due diligence").

The record belies Ortega's contention that the BIA abused its discretion by

failing to offer a reasoned explanation for its denial.  *See Celis-Castellano v.*

*Ashcroft*, 298 F.3d 888, 891 (9th Cir. 2002) (unless BIA acted arbitrarily,

irrationally, or contrary to law, Court of Appeals should not disturb its ruling).

Finally, Ortega's contention that the agency violated her due process right to family unity is foreclosed by *De Mercado v. Mukasey*, 566 F.3d 810, 816 (9th Cir. 2009).

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**