**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEI JIANG, | No. 09-70568 |
| Petitioner, | Agency No. A072-993-324 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Sei Jiang, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order denying his motion to reopen removal

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

discretion the denial of a motion to reopen, review de novo questions of law, and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence the BIA's factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We grant the petition for review, and remand for further proceedings.

The BIA abused its discretion by denying Jiang's motion to reopen where Jiang submitted a notice from his local family planning committee indicating that a Chinese citizen with two children would be targeted for sterilization. *See Tang v. Gonzales*, 489 F.3d 987, 990 (9th Cir. 2007) (defining the term "forced" at 8 U.S.C. § 1101(a)(42)(B) broadly as "compelling, obliging, or constraining by mental, moral, or circumstantial means"). In addition, substantial evidence does not support the BIA's determination that Jiang failed to show that his spouse and two United States citizen children would return to China where Jiang's declaration avers that they would accompany him if he were removed to China. *See Celis-Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir. 2002) ("[T]he Board must accept as true the facts stated in an alien's affidavit in ruling upon his motion to reopen unless it finds those facts to be inherently unbelievable.") (internal quotation marks and citations omitted). We therefore remand for the BIA to reconsider Jiang's changed country conditions claim in light of this disposition.

We need not reach Jiang's remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**

09-70568