**HUA TANG, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 15-72231**

United States Court of Appeals, Ninth Circuit.

Submitted June 26, 2017 *

Filed June 30, 2017

Conrad Gregory Badar, Esquire, Badar Law Group, San Gabriel, CA, for Petitioner

OIL, Siu P. Wong, Esquire, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

MEMORANDUM **

Hua Tang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's order denying his motion to reopen removal proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Tang's motion to reopen, where Tang did not establish that exceptional circumstances excused his failure to appear at his hearing. *See* 8 U.S.C. § 1229a(e)(1) (defining exceptional circumstances as circumstances beyond the control of the alien); *Celis-Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir. 2002) (applying a totality of the circumstances test to determine whether exceptional circumstances were present).

We lack jurisdiction to consider Tang's unexhausted contentions regarding fairness and judicial economy. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

We do not consider the extra-record evidence submitted for the first time with Tang's opening brief. *See* 8 U.S.C. § 1252(b)(4)(A) (judicial review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.