NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EVA GLORIA GUIDO-MEJIA and ANGEL ALONSO ARGUETA-GUIDO, <br><br> Petitioners, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 17-70799 <br><br> Agency Nos. A208-145-333 <br> A208-145-334 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018**

Before: RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Eva Gloria Guido-Mejia and Angel Alonso Argueta-Guido, natives and

citizens of El Salvador, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's decision

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying their motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying petitioners' motion to reopen for failure to establish "exceptional circumstances" under 8 U.S.C. § 1229a(b)(5)(C)(i) where petitioners' evidence, including the dentist's note, does not establish that Guido-Mejia's illness was "serious" as defined by the statute. *See* 8 U.S.C. § 1229a(e)(1); *Celis-Castellano v. Ashcroft,* 298 F.3d 888, 892 (9th Cir. 2002) (BIA did not abuse its discretion in concluding that petitioner's evidence, consisting of a declaration and a medical form, failed to establish that his asthma attack constituted "exceptional circumstances").

Petitioners failed to raise, and thus have waived, any challenge to the BIA's determination that they did not submit any supporting documentation for their claims for asylum and related relief, nor discuss any changed country conditions to warrant reopening to seek such relief. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in an opening brief are waived).

Petitioners' contentions that the BIA's decision was insufficient and violated their due process rights are unsupported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED.**