**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| SIHA PHOUDAMNEUN, AKA Sida Phaudamneug, AKA Sida Phaudamneun, AKA Siah Phoudamneun, AKA Syha Phoudamneun, AKA Siha Phoudamnoen, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 17-73185 Agency No. A025-095-808 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2020**

Before: LEAVY, PAEZ, and BENNETT, Circuit Judges.

Siha Phoudamneun, a native and citizen of Laos, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his motion to reopen removal proceedings

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying the motion to reopen, where Phoudamneun neither demonstrated that his limited English proficiency constitutes an exceptional circumstance nor provided any corroborating evidence to support his medical claims. *See* 8 U.S.C. § 1229a(e)(1) (exceptional circumstance justifying a failure to appear must be beyond the alien's control); *Celis-Castellano v. Ashcroft*, 298 F.3d 888, 890, 892 (9th Cir. 2002) (no exceptional circumstances to warrant reopening where declaration and accompanying medical documents did not provide sufficient detail of the severity of illness).

We lack jurisdiction to consider Phoudamneun's unexhausted claim that he missed his hearing because he has no transportation. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA." (citation omitted)).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

17-73185