Jaspal SINGH, Petitioner,

v.

Alberto GONZALES,\* Attorney General, Respondent.

No. 04–70773.

Agency No. A95–584–970.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of

Submitted Feb. 7, 2005.**

Decided Feb. 11, 2005.

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Kathleen M. Zapata, Department of Justice, Washington, DC, for Respondent.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM ***

Jaspal Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of his motion to reopen proceedings after he was ordered removed in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for an abuse of discretion. *See Celis–Castellano v. Ashcroft*, 298 F.3d 888, 890 (9th Cir.2002). We review de novo claims of due process violations. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny the petition.

We find no abuse of discretion in the IJ's denial of Singh's motion to reopen for exceptional circumstances because Singh provided no evidence to show that his failure to appear at his hearing was caused by serious illness. *See Celis–Castellano*, 298 F.3d at 892.

We also reject Singh's contention that the agency imposed a new evidentiary standard for establishing exceptional circumstances that violated his due process rights. *Id.* at 891.

PETITION FOR REVIEW DENIED.

---

the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.