Pedro **VISTAN, Jr.; et al., Petitioners,**

v.

Alberto **GONZALES, Attorney General,*** Respondent.

Nos. 03–74114.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.**

Decided Feb. 22, 2005.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lea Greenberger, Attorney at Law, Encino, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Thomas K. Ragland, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM ***

Pedro Vistan, Jr., together with his wife and three children, natives and citizens of the Philippines, petition for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of their motion to reopen removal proceedings conducted *in absentia.* We have jurisdiction under 8 U.S.C. § 1252. We review for an abuse of discretion the denial of a motion to reopen removal proceedings. *Celis–Castellano v. Ashcroft,* 298 F.3d 888, 890 (9th Cir.2002). We grant the petition and remand for further proceedings.

The IJ improperly denied the Petitioners' motion to reopen for lack of evidence because they submitted a death certificate

*** This disposition is not appropriate for publication and may not be cited to or by the

and several signed letters to support their claims. *See Singh v. INS,* 213 F.3d 1050, 1053 (9th Cir.2000) (indicating that a motion to reopen shall be supported by affidavits *or* other evidentiary material) (emphasis added); *see also* 8 C.F.R. § 1003.2(c)(1). The Petitioners' failure to produce medical records was not fatal to their motion to reopen because their letters indicated that Vistan did not seek medical treatment for his health condition. *See, e.g., id.* at 1053–54 (9th Cir.2000) (holding that it is not proper to deny a motion to reopen immigration proceedings conducted *in absentia* for lack of medical records where the evidence submitted established that medical treatment was not sought or rendered). Accordingly, we remand so that the IJ can determine whether the death of Vistan's brother or Vistan's resulting health condition constitute an "exceptional circumstance" excusing the Petitioners' failure to appear.

All pending motions are denied as moot.

**PETITION FOR REVIEW GRANTED; REMANDED.**

**Ramiro GALLARDO CASTRO,**
**Petitioner,**

v.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.