**Enrique DE LA TORRE VAZQUEZ, Petitioner,**

v.

**Alberto GONZALES, Attorney General,\* Respondent.**

**No. 03–73558.**

**Agency No. A79–521–316.**

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.\*\*

Decided April 13, 2005.

Veronica L. Burris Valentine, Las Vegas, NV, for Petitioner.

Enrique De La Torre Vazquez, Las Vegas, NV, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Regina Byrd, Attorney, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, TROTT, and SILVERMAN, Circuit Judges.

MEMORANDUM\*\*\*

Enrique De La Torre Vazquez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reconsider its summary affirmance of an immigration judge's ("IJ") denial of his motion to reopen in absentia removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's denial of a motion to reconsider for abuse of discretion. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). We deny the petition for review.

The IJ denied De La Torre Vazquez's motion to reopen because he did not provide sufficient evidence to demonstrate exceptional circumstances for failing to ap-

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

pear. *See Celis–Castellano v. Ashcroft,* 298 F.3d 888, 892 (9th Cir.2002) (denying petition for review of BIA's denial of motion to reopen, where alien demonstrated he was ill at time of hearing, but did not provide evidence of severity of illness).

The BIA did not abuse its discretion in denying De La Torre Vasquez's motion to reconsider, as he did not establish there were errors of fact or law in the IJ's denial of his motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1) (stating that a motion to reconsider "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority").

Petitioner's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**