**Lala KARAPETYAN, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 04–70917.**

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 12, 2005.

Lala Karapetyan, Van Nuys, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Douglas E. Ginsburg, Lyle Jentzer, U.S. Department of Justice Civil

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, CANBY and THOMAS, Circuit Judges.

MEMORANDUM ***

Lala Karapetyan, a native and citizen of Armenia, petitions for review from the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") order denying her motion to reopen proceedings held *in absentia.* We have partial jurisdiction pursuant to 8 U.S.C. § 1252. Where, as here, the BIA adopts the IJ's findings and conclusions and provides reasons of its own we review both decisions. *See Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir.2000). We review a denial of a motion to reopen for abuse of discretion. *Celis–Castellano v. Ashcroft,* 298 F.3d 888, 890 (9th Cir.2002). We deny in part and dismiss in part the petition for review.

■ The agency did not abuse its discretion in denying Karapetyan's motion to reopen because the evidence Karapetyan provided does not compel the finding that Karapetyan suffered from a serious illness sufficient to establish an exceptional circumstance for her failure to appear. *See id.* at 891–92.

■ The BIA did not abuse its discretion in declining to consider the new evidence Karapetyan presented on appeal. 8 C.F.R. § 1003.1(d)(3)(iv) ("the Board will not engage in factfinding in the course of

deciding an appeal."). Moreover the BIA did not abuse its discretion in determining that remand was inappropriate because Karapetyan failed to explain why the evidence she submitted on appeal could not have been presented in her motion to reopen. *See Rodriguez v. INS,* 841 F.2d 865, 867 (9th Cir.1987) (noting that an alien must explain [her] failure to present evidence in the previous proceeding); 8 CFR § 1003.2(c)(1).

■ We lack jurisdiction to consider Karapetyan's contention that the IJ violated her due process rights by imposing a new evidentiary requirement because she did not exhaust this argument before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (holding that exhaustion is mandatory and jurisdictional).

PETITION FOR REVIEW DENIED in part; DISMISSED in part.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

