**Minton Lal JOSHI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–74234.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

Ahmed M. Abdallah, Esq., Attorney at Law, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Jennifer Lightbody, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM **

Minton Lal Joshi, a native and citizen of India, petitions for review of the Board of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Immigration Appeals' ("BIA") denial of his motion to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Celis–Castellano v. Ashcroft*, 298 F.3d 888, 890 (9th Cir.2002), and will reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law," *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002), *cert denied*, 539 U.S. 941, 123 S.Ct. 2605, 156 L.Ed.2d 626 (2003). We deny the petition for review.

Contrary to Joshi's contention, the BIA properly afforded the materials submitted with the motion to reopen evidentiary weight. Moreover, the BIA acted within its broad discretion in determining that the evidence submitted with the motion, including an affidavit, photograph, and letters from Joshi's son and the Akali Dal party, was in part cumulative and did not establish prima facie eligibility for asylum, withholding of removal, or relief under the Convention Against Torture. *See* 8 C.F.R. § 1003.2(c)(1); *Mendez—Gutierrez v. Ashcroft*, 340 F.3d 865, 869–70 (9th Cir.2003).

Furthermore, the BIA did not abuse its discretion in denying the motion to reopen on the grounds of ineffective assistance of counsel because Joshi failed to meet the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and it is not clear and obvious from the face of the record that Joshi's counsel was ineffective. *See Castillo–Perez v. INS*, 212 F.3d 518, 525–26 (9th Cir.2000).

PETITION FOR REVIEW DENIED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.