**Victor Guillermo CORRAL–SOLIS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72483.

Agency No. A77–354–729.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2005.

Decided Nov. 30, 2005.

Louis A. Gordon, Los Angeles, CA, for Petitioner.

David B. Gardner, Law Offices of David B. Gardner, Los Angeles, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Richard M. Evans, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before CANBY, FERNANDEZ, and BERZON, Circuit Judges.

### MEMORANDUM *

Victor Guillermo Corral–Solis, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's ("IJ") denial of his unopposed motion to reopen proceedings in which he was ordered removed in absentia. Reviewing for abuse of discretion, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), we grant the petition for review and remand for further proceedings.

The BIA erroneously relied on Corral–Solis' failure to submit a police report, as "[c]orroboration of a credible declaration by an alien moving to reopen is not required." *Celis–Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir.2002). Also, the submitted photographs and medical notes did corroborate that Corral–Solis' injuries occurred.

The BIA additionally abused its discretion in determining that Corral–Solis "failed to substantiate that his injuries were severe enough to excuse his failure to appear for his hearing." Corral–Solis made considerable efforts to notify the Immigration Court in a timely fashion, a factor that weighs in favor of finding exceptional circumstances. *Id.* Moreover, Corral–Solis declared, in detail and under penalty of perjury, that he had been badly beaten and could hardly move. The severity of Corral–Solis' injuries was corroborated by his wife in a sworn declaration. The record before the IJ therefore compels the conclusion that Corral–Solis suffered serious injuries and thereby established exceptional circumstances for failing to appear at the hearing. *See* 8 U.S.C. § 1229a(e)(1).

We do not address the parties' contentions regarding Corral–Solis' prima facie case for relief. The statute expressly limits our consideration of petitions for review of in absentia removal orders to "the validity of the notice provided to the alien;" "the reasons for the alien's not attending the proceeding;" and "whether or not the alien is removable." *Id.* § 1229a(b)(5)(D).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.