Gurmail SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Nos. 04–75580, 05–70765.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.\*

Filed Dec. 8, 2006.

Martin Resendez Guajardo, Esq., Law Offices of Martin Resendez Guajardo A Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Cindy S. Ferrier, Esq., Merri L. Hankins, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM \*\*

Gurmail Singh, a native and citizen of India, petitions for review of two orders of the Board of Immigration Appeals ("BIA"), one dismissing his appeal from an immigration judge's ("IJ") order denying his motion to reopen deportation proceedings, and another denying his motion to

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

reconsider. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002), we grant the petition for review in No. 04–75580 and remand for further proceedings. We dismiss No. 05–70765 as moot.

The agency has not addressed Singh's argument that his Order to Show Cause ("OSC") should also have been sent to his counsel of record pursuant to 8 C.F.R. § 292.5(a), which states that "[w]henever a person is required by any of the provisions of this chapter to ... be served ... [such service] shall be [upon] the attorney or representative of record." *Cf. Dalip Singh v. Gonzales,* 469 F.3d 863, 865–66 (9th Cir.2006) ("To succeed on his claim that the BIA abused its discretion, Singh must establish that the [agency] failed to comply with the terms of its own regulations."). Singh's affidavit alleges that his prior counsel did not receive notice of his deportation hearing. *See Celis–Castellano v. Ashcroft,* 298 F.3d 888, 892 (9th Cir. 2002) ("Corroboration of a credible declaration by an alien moving to reopen is not required.... [T]he Board must accept the facts in an alien's affidavit as true unless inherently unbelievable."). Moreover, the record supports Singh's contention that prior counsel represented him throughout his asylum proceedings. *See Dobrota v. INS,* 311 F.3d 1206, 1212 (9th Cir.2002) (noting that the petitioner's counsel of record "for purposes of the OSC was ... the attorney who was representing [him] in his asylum proceedings before the INS" and that "no separate appearance could be entered before the OSC"). There is also no indication that the OSC was sent both to counsel and Singh, as earlier INS correspondence about Singh's asylum application had been.

---

Since the BIA has not considered the effect of 8 C.F.R. § 292.5(a) on Singh's motion to reopen, we remand for further proceedings. *See Barroso v. Gonzales,* 429 F.3d 1195, 1208–09 (9th Cir.2005) (remanding after stating that the BIA is "not free to ignore arguments raised by a petitioner" (internal quotation marks and citation omitted)); *see also INS v. Ventura,* 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

In light of our disposition, we need not address Singh's challenge to the denial of his motion to reconsider.

**No. 04–75580: PETITION FOR REVIEW GRANTED; REMANDED.**

**No. 05–70765: PETITION FOR REVIEW DISMISSED AS MOOT.**