Felipe **SORIANO–ARELLANO**, Petitioners,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–74056.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 23, 2007.

Felipe Soriano–Arellano, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Robbin K. Blaya, Esq., DOJ—U.S. Department of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**504**

Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Felipe Soriano–Arellano, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's decision denying his motion to re-open removal proceedings conducted *in absentia*. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion, *Celis–Castellano v. Ashcroft*, 298 F.3d 888, 890 (9th Cir.2002), and we deny the petition for review.

The BIA did not abuse its discretion in denying Soriano–Arellano's motion to re-open for failure to establish "exceptional circumstances" within the meaning of 8 U.S.C. §§ 1229a(b)(5)(C) and 1229a(e)(1). Soriano–Arellano's prescription for medicine for stomach pain and his own declaration that he had a stomach virus and diarrhea do not establish that his illness was "serious" within the meaning of the statute. *See Celis–Castellano*, 298 F.3d at 892 (BIA did not abuse its discretion in concluding that petitioner's evidence, consisting of a declaration and a medical form, failed to establish that his asthma attack amounted to "exceptional circumstances").

Petitioner's argument that the agency applied the incorrect standard and did not

consider all of the evidence is not supported by the record.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

