**Francisco Rosas PALOMO; Raquel Gutierrez Valencia, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75668.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 23, 2007.

Francisco Rosas Palomo, Riverside, CA, pro se.

Raquel Gutierrez Valencia, Riverside, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security San Francisco, CA, Jonathan F. Potter, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Francisco Rosas Palomo, and his wife, Raquel Gutierrez Valencia, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's decision denying their motion to reopen removal proceedings conducted *in absentia.* We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion, *Celis–Castellano v. Ashcroft,* 298 F.3d 888, 890 (9th Cir.2002), and we deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen for failure to establish that their sixteen-year old daughter's illness amounted to "exceptional circumstances" within the meaning of 8 U.S.C. § 1229a(b)(5)(C) and 1229a(e)(1). A doctor's note stating that their daughter was seen for vomiting and diarrhea and petitioners' own declarations to the same effect do not establish that the illness was "serious" within the meaning of the statute. *See Celis–Castellano,* 298 F.3d at 892 (BIA did not abuse its discretion in concluding that petitioner's evidence, consisting of a declaration and a medical form, failed to establish that his asthma attack amounted to "exceptional circumstances").

The court has considered and rejected petitioners' remaining contentions.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

