Marion Luzon **BULIGAN**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–75696.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007 *.

Filed June 13, 2007.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Pamela J. DeRusha, Esq., USSP–Office of the U.S. Attorney, Spokane, WA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Nancy E. Friedman, Esq., U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Marion Luzon Buligan, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen proceedings based on ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. *See Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005). We grant the petition for review and remand for further proceedings.

 The BIA abused its discretion when it determined that Buligan was not entitled to equitable tolling of the motions deadline. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003) (equitable tolling is available to a petitioner who was the victim of attorney deception, fraud or error, and exercised due diligence in discovering such circumstances). Buligan's sworn declaration establishes that Gadda led her to believe that he was still able to represent her before this court and had filed a petition for review on her behalf, and also establishes that she realized Gadda had failed to do so only when she received her bag and baggage order from the agency. *See Celis–Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir.2002) (facts submitted in supporting affidavits must be accepted as true unless inherently unbelievable). Thus, Buligan is entitled to equitable tolling of the motions deadline until she learned of Gadda's fraud in her case, and had an opportunity to consult with new counsel. *See Iturribarria*, 321 F.3d at 899.

We also disagree with the BIA's conclusion that Buligan was required to comply with the *Lozada* requirements, *see Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), for asserting a claim of ineffective assistance of counsel. *See Castillo–Perez v. INS*, 212 F.3d 518, 525–26 (9th Cir.2000). Gadda's ineffective assistance in this case was plain on the face of the record, and therefore did not require *Lozada* compliance. *Id.*

We therefore remand to the BIA for further proceedings consistent with this disposition.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.