**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HIMAWAN IMANUROFIQ, | No. 07-72701 |
| Petitioner, | Agency No. A096-070-675 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM * |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009 **

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Himawan Imanurofiq, a native and citizen of Indonesia, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his motion to reopen removal proceedings

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

/Research

that were conducted in absentia. Reviewing for abuse of discretion, *Celis-Castellano v. Ashcroft*, 298 F.3d 888, 890-91 (9th Cir. 2002), we deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Imanurofiq's motion to reopen because the evidence he submitted was insufficient to establish "exceptional circumstances." *See id*. at 891-92. Imanurofiq's contention that he should not have been required to produce additional medical documentation is unavailing. *See id*. at 892. Imanurofiq's contention that reopening was not barred where the government did not affirmatively oppose the motion is unpersuasive. Accordingly, Imanurofiq's due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for due process violation).

We lack jurisdiction to review Imanurofiq's claim that he was unaware of the correct hearing time because he failed to raise the issue before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency). We deny Imanurofiq's request to remand to the agency for consideration of the new claim.

We do not consider the declarations Imanurofiq has submitted for the first

time on petition for review. *See* 8 U.S.C. § 1252(b)(4)(A); *Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

Respondent's motion to strike is denied as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**