**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATALIA ALEKSEEVNA STOLKOVA, | No. 07-70858 |
| Petitioner, | |
| v. | Agency No. A075-633-741 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010[**]

Before:    BEEZER, TROTT, and BYBEE, Circuit Judges.

Natalia Alekseevna Stolkova, a native and citizen of Russia, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her motion to reopen and rescind

her in absentia removal order.  Our jurisdiction is controlled by 8 U.S.C. § 1252.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Reviewing for abuse of discretion, *Celis-Castellano v. Ashcroft*, 298 F.3d 888, 890–91 (9th Cir. 2002), we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in finding that Stolkova received proper notice of the time and place of her hearing because Stolkova acknowledged that she was personally served a Notice to Appear ("NTA"), and the NTA complied with the requirements of 8 U.S.C. § 1229(a). *See* 8 U.S.C. § 1229(a); *Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1156 n.4 (9th Cir. 2004) ("Current law does not require that the Notice to Appear . . . be in any language other than English.").

Contrary to Stolkova's contention, her motion to reopen based on exceptional circumstances was untimely. *See* 8 U.S.C. § 1229(a)(b)(5)(C)(i).

Stolkova failed to raise her remaining arguments, including her due process challenge, before the BIA. Thus, they are not exhausted, and we lack jurisdiction to review them. *See Barron v. Ashcroft*, 358 F.3d 674, 676–78 (9th Cir. 2004) (holding that a petitioner's failure to raise an issue to the BIA generally constitutes a failure to exhaust, and that a due process challenge must be exhausted when it involves a procedural error).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**