**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA STEFANOVA, | No. 06-70547 |
| Petitioner, | Agency No. A072-398-271 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2010[**]
San Francisco, California

Before: SILVERMAN, FISHER and M. SMITH, Circuit Judges.

Maria Stefanova petitions for review of the Board of Immigration Appeals'

(BIA) denial of her application for asylum. We have jurisdiction under 8 U.S.C.

§ 1252 and we deny the petition.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

First, Stefanova disputes the BIA's determinations that she failed to establish that she had been subject to past persecution and that she failed to establish a well-founded fear of future persecution. These are factual findings, *see Prasad v. INS*, 47 F.3d 336, 339 (9th Cir. 1995), and we must uphold them unless "the evidence compels a different result," *Celis-Castellano v. Ashcroft*, 298 F.3d 888, 891 (9th Cir. 2002).

Stefanova's difficulties at work, her encounters with the Bulgarian police and the other experiences she credibly described do not compel a finding that she suffered past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) ("Persecution . . . is an extreme concept that does not include every sort of treatment our society regards as offensive.") (internal quotation marks omitted); *cf. id.* at 1014-18 (holding that the record did not compel a finding of past persecution when petitioner credibly testified she had been harassed and fired at work, "pushed," and threatened with death).

Nor does the record compel a finding that Stefanova's subjectively genuine fear of future persecution was objectively reasonable. Although members of minority Christian denominations continue to face hardships in post-Communist Bulgaria, the record does not compel a finding that those hardships rise to the level of *persecution* on account of religion, and it therefore does not compel a finding

that Stefanova's subjective fear of future persecution is objectively reasonable. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1180 (9th Cir. 2004).

Finally, Stefanova claims that the Immigration Judge (IJ) failed to provide her a "full and fair hearing of her claims and a reasonable opportunity to present evidence on her behalf." *See Cinapian v. Holder*, 567 F.3d 1067, 1073 (9th Cir. 2009) (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)). The record does not support that claim. The agency is presumed to have reviewed the evidence before it, *see Larita-Martinez v. INS*, 220 F.3d 1092,1095-96 (9th Cir. 2000), and the BIA and IJ's decisions are consistent with that presumption. Nor does the record suggest that the IJ unduly rushed Stefanova or prevented her from presenting witnesses or evidence.

**PETITION DENIED.**