NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWIN ELIAS QUIJADA ESCOBAR, | No. 09-73323 |
| Petitioner, | Agency No. A094-322-211 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Edwin Elias Quijada Escobar, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' order summarily affirming

an immigration judge's ("IJ") order denying his motion to reopen deportation

proceedings held in absentia.  Our jurisdiction is governed by 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review de novo questions of law, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005), and for abuse of discretion the denial of a motion to reopen, *Celis-Castellano v. Ashcroft*, 298 F.3d 888, 890 (9th Cir. 2002). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Quijada Escobar's motion to reopen because the evidence he submitted was insufficient to establish "exceptional circumstances." *See id.* at 891-92. Accordingly, Quijada Escobar's due process claim fails. S*ee Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a petitioner to prevail on a due process claim).

Quijada Escobar's contention that the IJ applied the wrong standard in considering his request for reopening is not supported by the record.

This court lacks jurisdiction over Quijada Escobar's contention that the agency should have exercised its authority to reopen proceedings sua sponte. *See Mejia-Hernandez v. Holder*, 633 F. 3d 818, 824 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**