FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YALDA MILAD YOUSSEF, | No. 11-70990 |
| Petitioner, | Agency No. A079-812-036 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2013**

Before:    PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Yalda Milad Youssef, a native and citizen of Lebanon, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his third motion to

reopen removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

review for abuse of discretion the denial of a motion to reopen, and for substantial

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

evidence the BIA's factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We grant in part and dismiss in part the petition for review, and remand for further proceedings.

The BIA abused its discretion in denying Youssef's motion to reopen where Youssef submitted evidence of changed circumstances in Lebanon. *See* 8 C.F.R. § 1003.2(c)(3)(ii). The proffered evidence, when viewed collectively, indicated that Youssef's parents were shot and wounded by Muslim extremists in Lebanon on September 26, 2010, because of their religious activities and that Youssef's life now would be in similar jeopardy if he were to return to Lebanon. The BIA did not find the proffered evidence to be inherently unbelievable. Therefore, substantial evidence does not support the BIA's determinations that the proffered evidence did not reflect changed country conditions in Lebanon, that it was not material, and that it did not establish Youssef's prima facie eligibility for asylum, withholding of removal, and relief under the Convention Against Torture. *See Celis-Castellano v. Ashcroft,* 298 F.3d 888, 892 (9th Cir. 2002) ("[T]he Board must accept as true the facts stated in an alien's affidavit in ruling upon his motion to reopen unless it finds those facts to be inherently unbelievable.") (internal quotation marks and citations omitted); *see also Toufighi v. Mukasey*, 538 F.3d

988, 966 (9th Cir. 2008) (summarizing the requirements for a petitioner to prevail on a motion to reopen based on changed country conditions).

We note, given the passage of time, that Youssef is not precluded from updating the contents of his motion to reopen. *See Malty v. Ashcroft*, 381 F.3d 942, 946 (9th Cir. 2004) ("changed country conditions are specifically excepted from the numerical limitations on motions").

We lack jurisdiction to review Youssef's due process contention related to the withdrawal of his original asylum application because he did not raise that contention before the agency and therefore failed to exhaust his administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks jurisdiction to review contentions not raised before the agency).

**PETITION FOR REVIEW GRANTED in part; DISMISSED in part; REMANDED.**