**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSANA AGUILAR-HERNANDEZ, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-70889 <br><br> Agency No. A089-770-968 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before: GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Susana Aguilar-Hernandez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order summarily affirming an

immigration judge's denial of her motion to reopen removal proceedings

conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen. *Celis-Castellano v. Ashcroft*, 298 F.3d 888, 890 (9th Cir. 2002). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Aguilar-Hernandez's motion to reopen and rescind her removal order for failure to establish lack of notice, where she failed to provide the immigration court with her new address after she moved in 2011. 8 U.S.C. § 1229a(b)(5)(B) ("No written notice shall be required under subparagraph (A) if the alien has failed to provide the address required under section 1229(a)(1)(F) of this title."). Accordingly, Aguilar-Hernandez's contention that she did not receive notice of the hearing does not compel the finding that she established exceptional circumstances for her failure to appear. *See* 8 U.S.C. § 1229a(b)(5)(C)(i); *Celis-Castellano*, 298 F.3d at 892 (applying a totality of the circumstances test to determine whether exceptional circumstances were present). Her due process claim that notice was not reasonably calculated to reach her also fails. *See Popa v. Holder*, 571 F.3d 890, 898 (9th Cir. 2009).

The agency did not abuse its discretion in denying Aguilar-Hernandez's motion to reopen to apply for new relief, where she failed to submit any applications for relief with supporting documentation. *See* 8 C.F.R.

14-70889

§ 1003.23(b)(3) ("Any motion to reopen for the purpose of acting on an application for relief must be accompanied by the appropriate application for relief and all supporting documents.").

We lack jurisdiction to consider Aguilar-Hernandez's unexhausted contention that she is eligible for cancellation of removal. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

CHRISTEN, Circuit Judge, dissenting: I respectfully dissent. Petitioner filed a timely motion to reopen and an updated address with the Department of Homeland Security. Because the Department had actual notice of petitioner's correct address and the government would not have been prejudiced by reopening, I would hold that it was an abuse of discretion to deny the motion to reopen.

14-70889