MEMORANDUM **
Susana Aguilar-Hemandez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ order summarily affirming an immigration judge’s denial of her motion to reopen removal proceedings conducted in absen-tia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. Celis-Castellano v. Ashcroft, 298 F.3d 888, 890 (9th Cir.2002). We deny in part and dismiss in part the petition for review.
The agency did not abuse its discretion in denying Aguilar-Hernandez’s motion to reopen and rescind her removal order for failure to establish lack of notice, where she failed to provide the immigration court with her new address after she moved in 2011. 8 U.S.C. § 1229a(b)(5)(B) (“No written notice shall be required under subpar-agraph (A) if the alien has failed to provide the address required under section 1229(a)(1)(F) of this title.”). Accordingly, Aguilar-Hernandez’s contention that she did not receive notice of the hearing does not compel the finding that she established exceptional circumstances for her failure to appear. See 8 U.S.C. § 1229a(b)(5)(C)(i); Celis-Castellano, 298 F.3d at 892 (applying a totality of the circumstances test to determine whether exceptional circumstances were present). Her due process claim that notice was not reasonably calculated to reach her also fails. See Popa v. Holder, 571 F.3d 890, 898 (9th Cir.2009).
*600 The agency did not abuse its discretion in denying Aguilar-Hernandez’s motion to reopen to apply for new relief, where she failed to submit any applications for relief with supporting documentation. See 8 C.F.R. § 1003.23(b)(3) (“Any motion to reopen for the purpose of acting on an application for relief must, be accompanied by the appropriate application for relief and all supporting documents.”).
We lack jurisdiction to consider Aguilar-Hernandez’s unexhausted contention that she is eligible for cancellation of removal. See Tijani v. Holder, 628 F.3d 1071, 1080 (9th Cir.2010).
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.