**NOT FOR PUBLICATION**

**FILED**

JUL 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERNESTO SAMAGUEY-OLVERA, | No. 17-73063 |
| Petitioner, | Agency No. A200-695-352 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2019**

Before: SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Ernesto Samaguey-Olvera, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's order denying his motion to reopen removal

proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252.

We review for abuse of discretion the denial of a motion to reopen, and we review

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Samaguey-Olvera's motion to reopen, where he failed to present sufficient evidence to show that he failed to appear at his hearing due to exceptional circumstances beyond his control. *See* 8 U.S.C. § 1229a(e)(1); *Celis-Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir. 2002) (applying a totality of the circumstances test to determine whether exceptional circumstances were present). The agency sufficiently considered Samaguey-Olvera's affidavits in assessing the totality of the circumstances. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010) (holding the BIA adequately considered evidence and sufficiently announced its decision); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA did review the record).

We do not agree with Samaguey-Olvera's contention that the BIA improperly required him to produce a medical report or doctor's note, or seek low-cost or free medical care, in order to establish his exceptional circumstances claim. *See Celis-Castellano*, 298 F.3d at 892 (facts in alien's affidavit, accepted as true, were insufficient to show under a totality of circumstances that his illness

17-73063

amounted to "exceptional circumstances").

**PETITION FOR REVIEW DENIED.**