NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LESLIE K. ORTIZ,<br><br>            Petitioner,<br><br>   v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>            Respondent. | No.   17-71318<br><br>Agency No. A072-909-876<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 12, 2020[**]
Pasadena, California

Before:  CALLAHAN, BUMATAY, and VANDYKE, Circuit Judges.

Leslie Ortiz, a native of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of her appeal of the immigration judge's (IJ) denial of her motion to reopen her removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Ortiz was sixteen years old when she failed to appear at her removal hearing. According to her attorney and grandmother, Ortiz had run away with a man twenty years her senior and had not been in contact with her family since her initial hearing. After Ortiz was removed *in abstentia*, she filed a motion to reopen, explaining that she missed her hearing because the bus she had taken from another state arrived several hours late. The IJ denied the motion to reopen. Ortiz moved for reconsideration, urging the agency to consider her age and state of mind in determining whether exceptional circumstances excused her failure to appear. On reconsideration, the IJ again denied reopening, noting that she had not proffered any medical evidence regarding her purported mental or emotional issues. The BIA affirmed the IJ's denial of reopening and dismissed Ortiz's appeal.

Ortiz raises two errors with the agency decision. First, Ortiz argues that, in assessing whether an alien minor's failure to appear is due to exceptional circumstances, the agency must give "special consideration" to the "minor's age, psychological and emotional state of mind, maturity, and lack of sophistication and knowledge." However, Ortiz does not provide any supporting law for her proposition, nor has our circuit provided for a different or special standard for minors in this context. Rather, to rescind her *in absentia* removal order, Ortiz must demonstrate that her failure to appear was due to "exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious

2

illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." *See* 8 U.S.C. §§ 1229a(b)(5)(C)(i), 1229a(e)(1). In determining "exceptional circumstances," the agency must consider the totality of the circumstances. *See Chete Juarez v. Ashcroft*, 376 F.3d 944, 948 (9th Cir. 2004) (requiring consideration of "all exceptional—i.e., compelling—circumstances relevant to a petitioner's motion to reopen"). Here, the agency considered the relevant facts and evidence raised by Ortiz pertaining to her age, maturity, and alleged mental and emotional issues. But it concluded that they did not demonstrate exceptional circumstances, given the conflicting evidence in the record and lack of corroboration. Accordingly, the agency did not err in its assessment of whether exceptional circumstances caused Ortiz's failure to appear.

Ortiz also argues that the agency erred by requiring that she submit medical evidence to support her claim that exceptional circumstances caused her to miss her hearing. In general, "[c]orroboration of a credible declaration by an alien moving to reopen is not required." *Celis–Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir. 2002). However, where an agency denies reopening because the petitioner failed to carry his burden—due to lack of corroborative evidence for his exceptional circumstances claim—but does not impose a new evidentiary requirement, it does not abuse its discretion. *See id.*

The agency concluded that, without additional evidence supporting her claimed undue influence or other mental or emotional issues, Ortiz had not met her burden to show that exceptional circumstances beyond her control prevented her appearance.  Because the agency did not act "arbitrarily, irrationally, or contrary to law" in reaching this conclusion, it did not abuse its discretion in denying Ortiz's motion to reopen.  *See Singh v. INS*, 213 F.3d 1050, 1053 (9th Cir. 2000) ("Unless the [Board] acted arbitrarily, irrationally, or contrary to law, we should not disturb [its] ruling." (citation and internal quotation marks omitted)).

The petition for review is **DENIED.**