**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 5 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MOHIT MOHIT,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   20-70597

Agency No. A201-432-024

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 3, 2021[**]
Pasadena, California

Before:  PAEZ, CALLAHAN, and BENNETT, Circuit Judges.

Mohit Mohit petitions for review of a Board of Immigration Appeals (BIA)

order affirming the immigration judge's denial of his motion to reopen his *in*

*absentia* removal proceedings.  We have jurisdiction over such petitions under

8 U.S.C. § 1252 and review them for an abuse of discretion, reversing the BIA's

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

factual findings "only if the evidence compels a different result." *Celis-Castellano v. Ashcroft*, 298 F.3d 888, 890–91 (9th Cir. 2002) (citation omitted). We deny the petition.

To reopen his removal proceedings, Mohit needed to show that "exceptional circumstances," like a "serious illness," prevented his attendance. 8 U.S.C. § 1229a(b)(5)(C)(i), (e)(1). But even accepting his evidence at face value, it does not compel the conclusion that he suffered from a statutorily serious illness at the time of his May 20 hearing. The doctor's note, dated May 23, cursorily states "off work May 18–24." Mohit's declaration relates only that he had difficulty breathing, standing up, and walking, and that he relied on Surender Kumar, a roommate, for care. Kumar's declaration is similarly vague, stating that Mohit had a "cough and temperature" and was "unable to stand and walk." Kumar adds that the doctor described Mohit as "disabled" and provided him with "pills and medicine." And while Mohit declares that he was under the doctor's "care and supervision" from May 18–24, Kumar notes only two visits to the doctor, one on the 18th and the other on the 23rd.

Given the lack of detail, the BIA did not abuse its discretion in deeming Mohit's evidence insufficient. *See Celis-Castellano*, 298 F.3d at 890–92 (denying a similar petition even though the petitioner's affidavit stated he experienced a severe asthma attack that rendered him unable to leave the house); *In re J-P-*,

2

22 I. & N. Dec. 33, 34–35 (BIA 1998) (requiring detailed, rather than conclusory, evidence of an illness's cause, severity, or treatment). Mohit, moreover, never notified DHS of his illness or inability to attend his hearing, which undermines his claim. *See Celis-Castellano*, 298 F.3d at 892. Finally, we do not consider Mohit's notice-related arguments because he failed to exhaust them before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION DENIED.**