**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 27 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JIANHO LUI,

                Petitioner,

   v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No.   21-70619

Agency No. A213-375-391

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 19, 2022[**]

Before:    SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Jianho Lui[1], a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his motion to reopen proceedings and

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [1]     Petitioner's filings indicate that he spells his name "Liu."

rescind his in absentia removal order. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Celis–Castellano v. Ashcroft*, 298 F.3d 888, 890 (9th Cir. 2002). We grant and remand the petition for review.

The BIA abused its discretion in denying Lui's motion to reopen where it failed to properly consider the totality of the circumstances in determining whether Lui has established exceptional circumstances. *See* 8 U.S.C. § 1229a(b)(5)(C)(i), (e)(1); *Hernandez-Galand v. Garland*, 996 F.3d 1030, 1034-35 (9th Cir. 2021) ("In considering the totality of the circumstances, the BIA must first consider whether 'petitioners did all they reasonably could to have their cases heard promptly,' and whether 'through no fault of their own, [petitioners] have never had their day in court to present their claim,'" in addition to other relevant considerations.) (citations omitted). In addition, it appears the BIA did not properly credit Lui's declaration. *See Celis-Castellano*, 298 F.3d at 892 ("[T]he Board must accept the facts in an alien's affidavit as true unless inherently unbelievable."). Thus, we grant the petition for review and remand to the BIA for further proceedings consistent with this disposition.

In light of this disposition, we do not reach Lui's remaining contentions. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

2

The motion for a stay of removal (Docket Entry No. 1) is granted. Lui's removal is stayed pending a decision by the BIA.

The parties must bear their own costs for this petition for review.

**PETITION FOR REVIEW GRANTED; REMANDED.**