NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALLON SAINT HILAIRE,

Petitioner,

v.

JAMES R. MCHENRY III, Acting Attorney General,

Respondent.

No. 23-111

Agency No.
A209-169-135

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2025[**]
Pasadena, California

Before: RAWLINSON and M. SMITH, Circuit Judges, and RAKOFF, District Judge.[***]

Allon Saint Hilaire (Saint Hilaire), a native and citizen of Haiti, petitions for

review of a decision of the Board of Immigration Appeals (BIA) denying his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

motion to reopen his *in absentia* removal order.  Saint Hilaire contends that the BIA erred in denying his motion to reopen because his back pain prevented him from attending his removal hearing.  We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.[1]

"This court reviews the denial of a motion to reopen for abuse of discretion." *Montejo-Gonzalez v. Garland*, 119 F.4th 651, 654 (9th Cir. 2024) (citation omitted).  "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Id.* (citation omitted).

"[A] properly entered in absentia removal order may be rescinded upon a motion to reopen . . . if the noncitizen demonstrates that the failure to appear was because of exceptional circumstances." *Id.* at 654-55 (citation, alterations, and internal quotation marks omitted).  "The term exceptional circumstances refers to exceptional circumstances beyond the control of the noncitizen, such as . . . serious illness of the noncitizen." *Id.* at 655 (citation and alterations omitted).  "To decide whether exceptional circumstances justify a noncitizen's failure to appear, the

---

[1] To the extent Saint Hilaire contends that his *in absentia* order was invalid because he did not receive a notice to appear delineating the date, time, and location of his hearing, Saint Hilaire did not raise this issue in his motion to reopen, and the BIA did not address the validity of the notice to appear.  We decline to address this unexhausted issue. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023), *as amended*.

[Immigration Judge] and BIA must look at the totality of the circumstances to determine whether the noncitizen could not reasonably have been expected to appear." *Id.* (citation, alteration, and internal quotation marks omitted). "This inquiry is necessarily fact intensive and case specific. . . ." *Id.* (citation omitted).

The BIA did not abuse its discretion in denying Saint Hilaire's motion to reopen, because the medical evidence did not establish that he was unable to attend his removal hearing due to exceptional circumstances. The BIA determined that "the evidence presented [did] not establish that [Saint Hilaire's] claimed back pain was sufficiently serious such that his failure to appear at the removal hearing was beyond his control." "That factual finding must stand unless the record *compels* reversal of the [BIA's] factual finding." *Celis-Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir. 2002) (citation omitted) (emphasis in the original).

When Saint Hilaire went to the hospital on the day of his removal hearing, the medical staff "did not find evidence of an acute emergent illness requiring further treatment in the hospital." Although a work/school excuse letter stated that Saint Hilaire "may return to work" in four days, the medical reports did not reflect the severity of his back condition, or that his back pain otherwise precluded him from attending his hearing. As a result, the BIA did not "act[ ] arbitrarily, irrationally, or contrary to the law" in denying Saint Hilaire's motion to reopen because the record does not compel a finding that Saint Hilaire's medical condition

3                                                      23-111

constituted exceptional circumstances beyond his control. *Montejo-Gonzalez*, 119 F.4th at 654 (citation omitted); *see also Celis-Castellano*, 298 F.3d at 892 (holding that the BIA did not abuse its discretion in denying reopening of an *in absentia* order because the petitioner's medical evidence was insufficient to establish exceptional circumstances).[2]

**PETITION FOR REVIEW DENIED.**

---

[2] The temporary stay of removal continues until the mandate issues.